## IN THE UNITED STATES DISTRICT COURT
## IN FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Anthony Lawrence Dash, | ) |
| Plaintiff, | ) Civil Action No.: 3:10-cv-01036-JFA |
| v. | ) |
| Floyd Mayweather, Jr., an individual; Mayweather Promotions; Mayweather Promotions, LLC; Philthy Rich Records, Inc.; and World Wrestling Entertainment, Inc., | ) **COMPLAINT** <br> ) **(JURY TRIAL DEMANDED)** |
| Defendants. | ) |

Plaintiff Anthony Lawrence Dash ("Plaintiff") for his Complaint against Floyd Mayweather, Jr.; Mayweather Promotions; Mayweather Promotions, LLC; Philthy Rich Records; and World Wrestling Entertainment, Inc. alleges as follows:

PARTIES

1.    Plaintiff is an individual having a residence in the state of South Carolina. Plaintiff is a musical artist who has written or created a number of musical tracks.

2.    Upon information and belief, Defendant Floyd Mayweather, Jr. is an individual having a primary residence located in Clark County, Nevada. Upon information and belief, Mr. Mayweather is a famous boxer, and is a principal in Defendants Mayweather Promotions, Mayweather Promotions, LLC and Philthy Rich

1

Records. Upon information and belief, Defendant Mayweather personally participated in and directed the infringing activities at issue in this case.

3. Upon information and belief, Defendant Mayweather Promotions is a Nevada corporation located at 1829 East Charleston Boulevard, Suite 104, Las Vegas, Nevada 89109

4. Upon information and belief, Defendant Mayweather Promotions, LLC is a limited liability company located at 9060 West Cheyenne Avenue, Las Vegas, Nevada 89129.

5. Upon information and belief, Defendant Philthy Rich Records is a Nevada corporation located at 1829 East Charleston Boulevard, Las Vegas, Nevada 89109.

6. Upon information and belief, Defendant World Wrestling Entertainment, Inc. is a publicly traded company, having its corporate headquarters at 1241 East Main Street, Stamford, Connecticut 06902.

JURISDICTION AND VENUE

7. Through this action, Plaintiffs assert claims against Defendants arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* This Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a).

8. This Court has specific personal jurisdiction over all of the defendants as each has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside South Carolina, knowing and intending that such acts would cause injury within the state.

9. Venue is proper in the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a).

FACTS:

Plaintiff's Rights under Copyright Law for the TONY GUNZ BEAT

10. In 2005, Plaintiff created a musical track entitled TONY GUNZ BEAT. Plaintiff subsequently filed a Copyright Application for the TONY GUNZ BEAT, and the U.S. Copyright Office granted a Copyright Registration: SRu 905-832, with an effective date of registration of October 13, 2009.  A copy of the Registration is provided herewith, and is labeled as Exhibit A.

Defendants' Unlawful Activities

11. Upon information and belief, on March 30, 2008, Defendant Mayweather participated in a wrestling event called Wrestlemania 24 produced by Defendant World Wrestling Entertainment (WWE), which was held at the Citrus Bowl in Orlando, Florida, in front of an audience of nearly 75,000 people.  Defendant Mayweather wrestled Paul "Big Show" Wight in one of the main events, and upon information and belief, Defendant Mayweather was paid $20 million to participate in the event.  Defendant WWE grossed

3

$5.85 million in ticket sales, and over one million people ordered the event on pay-per-view, grossing $23.8 million in revenue.

12. Upon information and belief, Defendant Mayweather made his entrance during the Wrestlemania 24 event while playing a song called "Yep", which is music that includes Plaintiff's TONY GUNZ BEAT track, with lyrics added to the track. Defendant Mayweather's "Yep" song is also included in a number of videos, available for viewing and download, from youtube.com.

13. Upon information and belief, the Wrestlemania 24 event was broadcast via pay-per-view, and could be purchased from various cable and satellite television providers all over the country and around the world. Digital video discs (DVDs) featuring the Wrestlemania 24 event have been made available for purchase, as well.

14. Upon information and belief, Defendant Philthy Rich Records owns and operates websites under the domain names www.philthyrichrecords.com and www.philthyrichrecords.com/site.php. At the latter website, as soon as the site is displayed on the computer screen, Defendant's infringing song "Yep" is programmed to play through the computer's speakers or sound system.

15. Plaintiff sent a letter addressed to Defendant Mayweather Productions, LLC on September 29, 2009 via certified mail, in which Plaintiff demanded that Defendant Mayweather Productions cease and desist from any further infringement of Plaintiff's copyrighted work, and provided a copy of Plaintiff's copyright registration,

4

together with sound recordings of Plaintiff's TONY GUNZ BEAT and Defendant Mayweather's song entitled "Yep" for their reference. Plaintiff received no reply.

16. Plaintiff then sent a second cease and desist letter to Defendant Mayweather Productions on November 30, 2009 via certified mail, which was returned unopened on January 6, 2010.

**FIRST CLAIM FOR RELIEF**
(Copyright Infringement under 17 U.S.C. § 101 *et seq.*, against all Defendants)

17. Plaintiff realleges the allegations contained in paragraphs 1 through 16 of this Complaint as though fully and completely set forth herein.

18. Plaintiff is the legal or beneficial owner of United States copyrights in and to the TONY GUNZ BEAT, which is identical to the musical portions of Defendant Mayweather's "Yep" song, with the exception of some profane lyrics that were added thereto by Defendants. Plaintiff has registered this copyright with the Copyright Office and possess a valid registration for its copyrighted work.

19. Through the live Wrestlemania 24 event, pay-per-view television, DVD sales, YouTube.com videos and at Defendant Philthy Rich Records website, Defendants have copied, publicly performed, and publicly displayed Plaintiff's copyrighted work without Plaintiff's authorization. Each such act is an infringement of the exclusive rights granted to Plaintiff by 17 U.S.C. § 106.

20. Through the Internet sites YouTube.com and www.philthyrichrecords.com/site.php, and through continued sales of the Wrestlemania 24 DVD, Defendants intend to continue copying, publicly performing, and publicly

displaying and selling infringing copies of Plaintiffs' copyrighted works without Plaintiff's authorization. Each such act will be an infringement of the exclusive rights granted to Plaintiff by 17 U.S.C. § 106.

21.     Defendants' infringement has allowed them to collect profits in the millions of dollars and is adversely affecting the potential market for and value of Plaintiff's copyrighted work that Defendants have infringed and are continuing to infringe.

22.     Defendants committed each act of infringement with the knowledge that the music they were copying, publicly performing, and publicly displaying were subject to valid United States copyright registrations and with the knowledge that Defendants were not authorized to copy, publicly perform, or publicly display such copyrighted works. Defendants' infringement was thus "willful" within the meaning of 17 U.S.C. § 504(c)(2).

23.     For Defendants' completed acts of infringement, Plaintiff is entitled to recover Plaintiff's actual damages and any profits of Defendants not taken into account in computing the actual damages or, at their election, statutory damages for willful infringement in the amount of $150,000 per copyrighted work infringed.

24.     Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined. Plaintiff therefore is also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing infringement of Plaintiff's copyright.

25.     Upon information and belief, the acts of Defendants giving rise to Plaintiffs cause of action include one or more of the following: (i) transacting business in

South Carolina; (ii) contracting to provide services and things in South Carolina; (iii) committing acts of copyright infringement in South Carolina; (iv) causing tortious injury in South Carolina; (v) entering into contracts to provide services and equipment, wherein the contracts are performed by Defendants and/or Defendants' customers in South Carolina; and (vi) distributing goods that are used in South Carolina.  Furthermore, Defendants have continuously and systematically conducted business in South Carolina, and have derived and continue to derive substantial revenue from customers in South Carolina.

26.     As a direct and proximate result of Defendants' actions, Plaintiff has been damaged and will continue to suffer damages, including lost sales of the copyrighted work, lost revenue derived from licensing the rights to the copyrighted work and lost goodwill.

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them as follows, in an amount to be determined by a jury:

1.  That Defendants, their agents, servants and employees and all persons acting in concert with them be restrained and enjoined preliminarily and permanently from copying, altering, publicly performing, duplicating, and publicly displaying Plaintiff's copyrighted works, or any derivative works thereof.
2.  That all copies of Plaintiff's works and derivative works in Defendants' possession, custody, or control be destroyed, or otherwise appropriately disposed of, and that all storage devices, copying, streaming, and other distribution equipment, including all computers, computer servers, all hardware and software

  pertaining or connected thereto, and all other devices by which Defendants have copied, publicly performed, of publicly displayed Plaintiffs' works, be seized from Defendant and destroyed, or otherwise appropriately disposed of, pursuant to 17 U.S.C. § 503.

3. That Defendants be required to account for all gains, profits and advantages derived from their acts of infringement and for their other violations of law.

4. That Defendants be required to pay over to Plaintiff the actual damages suffered by them as a result of the infringement and any profits of Defendants attributable to the infringement of Plaintiff's exclusive rights under copyright and to pay such damages to Plaintiff as this Court shall deem to be just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiffs' election, statutory damages as set forth in 17 U.S.C. § 504.

5. That Plaintiff recovers their costs of suit incurred herein.

6. That Plaintiff recovers their attorneys' fees reasonably incurred in this action.

7. That Plaintiff has such other and further relief as the Court deems just and proper.

              By: s/Thomas L. Moses
              Thomas L. Moses (SC State Bar No.007024)
              MONAHAN & MOSES, LLC
              13-B West Washington Street
              Greenville, South Carolina 29601
              Telephone:  (864) 241-4604
              Facsimile:  (864) 241-4606
              Email:  tom.moses@momolaw.com

              By:  s/John G. Felder, Jr.
              John G. Felder, Jr.
              MCGOWAN HOOD & FELDER
              1517 Hampton Street
              Columbia, South Carolina   29201
              Telephone:  (803) 779-0100

Email:  jfelder@mcgowanhood.com

*Attorneys for Plaintiff*

April 26, 2010.
Columbia, South Carolina.

9