IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anthony Lawrence Dash, | C/A No.: 3:10-1036-JFA |
| Plaintiff, | |
| vs. | |
| Floyd Mayweather, Jr., an individual; Mayweather Promotions; Mayweather Promotions, LLC; Philthy Rich Records, Inc.; and World Wrestling Entertainment, Inc., | **ORDER** |
| Defendants. | |

This matter comes before the court on Defendants Mayweather Promotions and Mayweather Promotions LLC's motion requesting the court to reconsider its order denying Defendants' motion to dismiss, or in the alternative, motion to transfer venue. (ECF No. 22.) The court has reviewed Defendants' motion, and, for the reasons that follow, the motion is denied.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, n.5 (2008) (internal citation omitted). "Mere disagreement [with a court's ruling] does not

support a Rule 59(e) motion." U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (internal citation omitted). The Fourth Circuit has held a motion to reconsider should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Defendants do not seek reconsideration on the basis of an intervening change in controlling law, or on account of new evidence, but requests reconsideration alleging clear error of law.

Defendants' motion to reconsider seeks to relitigate matters previously decided by the court and appears to be based largely on their displeasure with the court's prior ruling. Accordingly, Defendants' motion is at odds with Baker and Westinghouse and is therefore inappropriate. For the foregoing reasons, plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 13, 2010　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　United States District Judge