IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anthony Lawrence Dash,                                    ) | C/A No.: 3:10-cv-1036-JFA |
|                 Plaintiff,     ) | |
| v.                                                        ) | |
| Floyd Mayweather, Jr., an individual;                     ) | ORDER |
| Mayweather Promotions; Mayweather                         ) | |
| Promotions, LLC; Philthy Rich Records,                    ) | |
| Inc.; and World Wrestling Entertainment                   ) | |
| Inc.,                                                     ) | |
|                 Defendants.   ) | |

This suit arises out of allegations by the Plaintiff that Defendant World Wrestling Entertainment, Inc. ("WWE") and Defendant Floyd Mayweather, Jr., and others, unlawfully used his copyrighted music during part of two WWE events during which Mayweather made an appearance. Now before the court is a discovery dispute between WWE and the Plaintiff. The Plaintiff moves the court to compel WWE to respond to interrogatories numbered 3, 4, 9, 15, 16, 17, and 19 from his first set of interrogatories, as well as his requests to produce numbered 2, 3, 4, 14, and 16 from his first request for production of documents. Plaintiff also moves the court to compel WWE to respond to his request to admit numbered one. In response, WWE filed a motion for a protective order, which would prevent it from having to respond to these requests. It also moved the court to compel the Plaintiff to respond to its requests to produce numbered 4, 5, 6, 7, 10, and 12, as well as moved the court to respond to its interrogatories numbered 5 and 6.

The crux of this dispute centers on the Plaintiff's attempt to seek damages pursuant to 17 U.S.C. § 504(b), which allows a copyright owner to recover both actual damages and any profits of the infringer that are attributable to the infringement. To determine profit damages, the statute provides a burden-shifting approach in which the Plaintiff must first present evidence of the infringer's gross revenue and then the infringer has the burden to prove his or her deductible expenses, as well as the elements of profit attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b). Because the statute allows the Plaintiff to recover profits, assuming he can establish WWE infringed upon a copyright of his, the Plaintiff seeks to recover information from WWE regarding all of the profits it derived from Wrestlemania 24, which was held in 2008, and from the WWE Raw event held on August 29, 2009, the two events at which the Plaintiff alleges his copyrighted music was played. WWE objects to having to turn over this information to the Plaintiff because it does not believe the Plaintiff has established a rational relationship between his alleged music being played and the profits it derived from these two events. As the Fourth Circuit has stated, a copyright owner "has the burden of demonstrating some causal link between the infringement and the particular profit stream before the burden-shifting provisions of § 504(b) apply." *Bonner v. Dawson*, 404 F.3d 290, 294 (4th Cir. 2005). Because WWE both planned and sold tickets to the two events in question without advertising that the Plaintiff's music would be a part of the shows, it does not believe the Plaintiff can establish a causal link between his music and WWE's profits from those two nights.

After considering WWE's position, the court disagrees with their argument at this

stage of the proceedings. During this discovery phase, the Plaintiff is not necessarily representing that he is entitled to all of the profits WWE derived from the two events in question. He is merely asking for WWE to produce information related to the gross revenue generated from the two events in question so that he may better be able to decide which profits to pursue as damages and which to forego. The legal authority provided by WWE does not direct this court to require the Plaintiff to satisfy his burden of establishing a causal link between the profits and his music at this stage of the litigation. Therefore, the court orders WWE to respond to all of the Plaintiff's discovery requests that seek information regarding the profits generated by Wrestlemania 24 and the WWE Raw event on August 29, 2009 (Plaintiff's First Set of Interrogatories ## 3, 4; Request to Produce ## 3, 4). WWE will have ample opportunity to argue at a later date that the Plaintiff is not entitled to certain profits.

Although there does not appear to be much of a dispute remaining between the parties with respect to the Plaintiff's attempt to seek information to support his claim for actual damages (Plaintiff's First Set of Interrogatories ## 9, 17, 19; Request to Produce ## 14, 16), the court further orders WWE to respond to all of the Plaintiff's discovery requests that seek information regarding how WWE determines the amount of money it pays to license or use music, or to secure performance rights necessary for the two events at issue in this case, as well as any other information related to licenses or agreements it has executed with other musicians. Likewise, to the extent WWE has not yet responded to the Plaintiff's discovery requests related to jurisdictional matters (Plaintiff's First Set of Interrogatories ## 15, 16;

Request for Production # 2; Request to Admit # 1), it is ordered to do so. Accordingly, the court grants the Plaintiff's motion to compel and denies WWE's motion for a protective order.

WWE filed its own motion to compel, asking the court to produce documents in response to its requests to produce numbered 4–7, 10, and 12, as well as its interrogatories numbered 5 and 6. After reviewing the parties' briefs and hearing oral argument on these matters, the court orders the Plaintiff to respond to these requests, although he may need to wait to receive WWE's responses to his discovery requests before he may be able to do so. Nevertheless, the Plaintiff should respond to these requests as soon as he can and supplement his responses when necessary. Accordingly, the court grants WWE's motion to compel.

Lastly, at the hearing before the court, the parties made an oral motion to amend the scheduling order to extend the current deadlines set forth in the scheduling order. The court grants this motion as well and will issue a second amended scheduling order.

        IT IS SO ORDERED.

June 8, 2011                                    Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge