IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anthony Lawrence Dash, ) | C/A No.: 3:10-cv-1036-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Floyd Mayweather, Jr., an individual; ) | |
| Mayweather Promotions; Mayweather ) | |
| Promotions, LLC; Philthy Rich Records, ) | |
| Inc.; and World Wrestling Entertainment ) | |
| Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on plaintiff's motion requesting the court to reconsider its order granting defendants motions for summary judgment. (ECF No. 172) The court has reviewed plaintiff's motion and defendants' responses, and for the reasons that follow, the motion is denied.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation omitted). "Mere disagreement [with a court's

ruling] does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (internal citation omitted).[1] The Fourth Circuit has held a motion to reconsider should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Plaintiff does not seek reconsideration on the basis of an intervening change in controlling law, or on account of new evidence, but requests reconsideration alleging clear error of law.

Plaintiff's motion to reconsider seeks to relitigate matters previously decided by the court and appears to be based largely on his displeasure with the court's prior ruling. Accordingly, his motion is at odds with *Baker* and *Westinghouse* and is therefore inappropriate. For the foregoing reasons, plaintiff's motion for reconsideration (ECF No. 175) is denied.

IT IS SO ORDERED.

June 27, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] Nor is a motion "for reconsideration of legal issues already addressed in an earlier ruling . . . authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohue Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (per curiam) (quoting *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).